**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-341 RWS |
| ) | |
| 430 SOUTH LOS ANGELES STREET, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the response of self-represented plaintiff Cedric Greene to the Court's Show Cause Order issued March 19, 2025. [ECF No. 3]. In that Order, the Court directed plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response does not adequately provide any basis for federal question or diversity jurisdiction over this matter. As such, for the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. The Court also finds that plaintiff's response fails to show that venue is proper in the Eastern District of Missouri.

### The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against defendant "430 South Los Angeles Street." [ECF No. 1]. Plaintiff indicated his mailing address to be within Los Angeles, California, and defendant's mailing address to be within West Covina, California. *Id.* at 2. Plaintiff asserted that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 3. In the section to indicate the state of his citizenship, plaintiff wrote, "Presented Question (Unknown)." *Id.* He claimed that defendant has its principal place of business in

1

California and is incorporated under the laws of California. *Id.* at 4. He failed to identify the "Amount in Controversy."

Plaintiff's statement of claim consisted of several paragraphs. *Id.* at 5-6. In the first paragraph, plaintiff indicates that he first filed a lawsuit relative to his claims in the City of Los Angeles, but "that wasn't presented within the time permitted." *Id.* at 5. Plaintiff does not indicate how the case was resolved in the City of Los Angeles, but he next states that the matter "wasn't a remedy for Greene in the Nevada system. . . [and the] last order issued by Nevada's Highest level was on October 2, 2023, in case 87188." *Id.* at 5. Plaintiff states that "they never addressed the merits of his case."

It appears that plaintiff next filed an action against defendant in the United States District Court for the Eastern District of Wisconsin. *See Greene v. 430 S. Los Angeles St. LLC*, No. 2:25-CV-00236 JPS (E.D. Wis. Feb. 18, 2025). On March 7, 2025, Magistrate Judge Stephen C. Dries issued a Report and Recommendation in that case recommending that plaintiff's motion to proceed in forma pauperis be denied and his case be dismissed for lack of subject matter jurisdiction. Plaintiff has not yet filed a response to the Report and Recommendation. However, plaintiff states that he is unable to do so due to filing restrictions placed on him by the Seventh Circuit Court of Appeals. *See Greene v. St. Nicholas Medical Grp.*, No. 24-3268 (7th Cir. 2025) (affirming dismissal of plaintiff's action filed in the Northern District of Illinois and sanctioning plaintiff Greene $500 for engaging in frivolous litigation, while also instructing all federal courts in the 7th Circuit to return papers submitted by Greene unless and until he pays the full sanction that has been imposed against him and all outstanding filing fees).

On March 19, 2025, the Court reviewed plaintiff's complaint and determined he had not carried his burden of establishing subject matter jurisdiction. As to federal question jurisdiction,

plaintiff did not assert any issues arising under the Constitution, laws, or treaties of the United States. As to diversity jurisdiction, plaintiff did not show that the amount in controversy exceeded the jurisdictional threshold, nor did he establish diversity between the parties. Plaintiff provided a California address for both himself and defendant and, in the section of the form complaint for demonstrating the citizenship of the parties, plaintiff purposefully did not indicate the state in which he was a citizen. Additionally, the Court noted that venue appeared to be improper because plaintiff did not claim that any of the parties resided in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred in the Eastern District. Thus, the Court issued a show cause order regarding subject matter jurisdiction and venue.

**Plaintiff's Response to the Order to Show Cause**

On March 28, 2025, plaintiff filed a Response to the Order to Show Cause. [ECF No. 4]. As to federal question jurisdiction, plaintiff describes this action as a state tort sounding in defamation, which should be allowed to proceed under the auspices of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *Id.* at 2. He does not cite to a federal statute or provision of the United States Constitution as authority for his position.

As to diversity jurisdiction, plaintiff argues that "[s]ubject matter jurisdiction is a question of law that is transferrable under the codes." *Id*. at 3. He asserts that he is entitled to a transfer of his case, if the Court finds it lacks subject matter jurisdiction, to "the state level." *Id*. Specifically, plaintiff states that he is objecting to dismissal under Federal Rule of Civil Procedure 46, which he believes allows him to insist on a transfer to a state court in Missouri.[1] *Id.*

---

[1] Plaintiff's request to, in essence, remand this matter to a Missouri state court, is inappropriate. This matter was not removed from a Missouri state court and cannot simply be remanded to a state court where it was never originally filed. Additionally, from the tenor of plaintiff's complaint, it appears that this case may have been previously filed in another state court prior to him filing it the Eastern District of Wisconsin and this Court. Plaintiff may not simply forum shop around the United States until he finds a tribunal willing to provide him with an advantageous ruling in a case. Additionally, "[a] litigant dissatisfied with the decision

**Discussion**

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried his burden of establishing subject matter jurisdiction. Additionally, venue is improper. As such, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders* v. *Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. In the Show Cause response, plaintiff describes this action as a state tort sounding in defamation that could proceed in state court. Plaintiff not only fails to cite any federal authority or allege facts essential to show jurisdiction, but the Court cannot discern a federal claim against defendant that would allow him to proceed in federal court under 28 U.S.C. § 1331 as the instant action does not arise under the Constitution, laws, or treaties of the United States.

Therefore, the Court may only hear this case if diversity jurisdiction exists. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The burden falls upon the party

---

of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994).

seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Here, plaintiff and defendant are clearly citizens of California. Plaintiff cannot simply declare himself to be a citizen of Missouri or some other state for the purposes of diversity. To be a citizen of Missouri, a Missouri resident must intend to stay in Missouri. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Citizenship requires an intent to make a place home. *Id.* In other words, for purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). Plaintiff has not met this burden.

Lastly, plaintiff has failed to show that venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, plaintiff does not claim that any of the parties reside in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred here.

28 U.S.C. § 1406 allows this Court to dismiss or transfer a case filed in the wrong district. However, it does not appear to be in the interest of justice to transfer this case to California where this action should have been brought because plaintiff must first comply with the filing restrictions in the California federal courts. *See e.g.*, *Greene v. Price Self Storage W. LA, LLC*, 2022 WL

5

2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.).[2]

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, alternatively, this case is **DISMISSED** for improper venue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of March, 2025.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).